UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMIREZ DEMARCO DEWBERRY,

    Plaintiff,

v.

THIRD JUDICIAL CIRCUIT COURT,

    Defendant.
_____/

Case No. 2:17-cv-12677

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER OF SUMMARY DISMISSAL OF COMPLAINT [1]**

Plaintiff Ramirez Demarco Dewberry filed a complaint seeking declaratory and other relief under 42 U.S.C. § 1983 alleging that: (1) Defendant refuses to accept his habeas petition; (2) he is being illegally restrained; (3) Defendant has unlawfully suspended his right to file a petition for a writ of habeas corpus; and (4) Mich. Comp. Laws § 600.4310 is unconstitutional. ECF 1. The Court then granted his application to proceed without prepaying fees or costs pursuant to 28 U.S.C. § 1915. ECF 3. For the reasons stated below, the Court will dismiss the claims without prejudice.

## **BACKGROUND**

Mr. Dewberry was convicted and sentenced in the Wayne County Circuit Court of first-degree criminal sexual conduct, second-degree sexual conduct, kidnaping, felonious assault, and felony-firearm. It appears he did not appeal his conviction or sentence.[1]

---

[1] The Court obtained some of the information about Mr. Dewberry's convictions from the Michigan Department of Corrections' Offender Tracking Information System (OTIS). *See Ward v. Wolfenbarger,* 323 F.Supp.2d 818, 821, n. 3 (E.D. Mich. 2004) (Court is permitted to take judicial notice of OTIS). The Court obtained the information regarding Mr. Dewberry's apparent failure to appeal his conviction from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from Westlaw's website, www.westlaw.com. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F.Supp.2d 968, 972 (W.D. Mich. 2003) (public

On May 1, 2017, Plaintiff filed a state petition for writ of habeas corpus with the Third Judicial Circuit (Wayne County) Court. He alleges that Defendant wrongly refused to accept his habeas petition for filing. Plaintiff consequently brought this suit.

## LEGAL STANDARD

When the Court grants an application to proceed without prepayment of fees, as it did here, the Court must dismiss the case if at any time it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## DISCUSSION

Plaintiff's complaint is subject to dismissal for several reasons.

I.  <u>Mr. Dewberry Fails to State a Claim For Which Relief May Be Granted</u>

To the extent that Plaintiff seeks monetary damages arising from his criminal conviction, a remedy is not available. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the

---

records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice); *Graham v. Smith,* 292 F.Supp.2d 153, 155, n.2 (D. Me. 2003) (Court is permitted to take judicial notice of another court's website).

conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Alkire v. Irving*, 330 F.3d 802, 816, n.10 (6th Cir. 2003). Plaintiff makes no such allegation, so he fails to state a claim for which monetary damages may be granted. *See Adams v. Morris,* 90 F. App'x. 856, 858 (6th Cir. 2004).

Plaintiff also cannot seek declaratory or injunctive relief. When a state prisoner challenges the very fact or duration of his physical imprisonment—and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment—his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A plaintiff cannot seek declaratory or injunctive relief relating to his conviction in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004).

II. The Court Cannot Reverse Mr. Dewberry's Criminal Conviction

To the extent that Plaintiff asks the Court to reverse his criminal conviction, his complaint might stand in habeas corpus. But, the Court will not convert Plaintiff's claim. *See Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (a civil rights suit should not be "converted" into a habeas corpus suit and decided on the merits). Moreover, if Plaintiff's claim was a habeas petition it should be dismissed because he named the wrong respondent and failed to indicate that he had exhausted his state court remedies. *Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D. Mich. 2006) (wrong respondent); *Parker v. Phillips*, 27 F.App'x 491, 494 (6th Cir. 2001) (failure to indicate exhaustion).

III. Defendant Has Not Unlawfully Suspended the Writ of Habeas Corupus

Plaintiff further claims that Defendant has unlawfully suspended the writ of habeas corpus by refusing to accept his petition for filing. Plaintiff further appears to challenge the constitutionality of Mich. Comp. Laws § 600.4310, which limits the ability of criminal defendants in Michigan to challenge their convictions by means of filing a habeas petition.

The Suspension Clause of the federal constitution applies only to prevent the federal government from limiting or restricting the writ of habeas corpus; it is inapplicable to the states and therefore does not prevent Michigan from limiting or restricting habeas relief. *Gasquet v. Lapeyre*, 242 U.S. 367, 369 (1917). States, in fact, have no obligation to provide any system of post-conviction relief to criminal defendants. *See Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987). "[T]he refusal by state authorities to entertain a petition for a writ of habeas corpus, therefore, does not raise a federal question." *Geach v. Olsen*, 211 F.2d 682, 684 (7th Cir.1954). Plaintiff's claim is therefore without merit.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

                          s/Stephen J. Murphy, III
                          STEPHEN J. MURPHY, III
                          United States District Judge

Dated: September 5, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 5, 2017, by electronic and/or ordinary mail.

                          s/David P. Parker
                          Case Manager