UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMIREZ DEWBERRY,

    Plaintiff,

v.

THIRD JUDICIAL CIRCUIT COURT
OF MICHIGAN,

    Defendant.

                                  /

Case No. 2:17-cv-12677

HON. STEPHEN J. MURPHY, III

## OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR RELIEF [8]

In September 2017, the Court summarily dismissed Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 because Plaintiff failed to state a claim upon which relief could be granted. ECF 5. Now before the Court is Plaintiff's motion for relief from that order pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the Court will deny the motion.

Because Plaintiff filed a notice of appeal after filing his motion for relief, the Court lacks jurisdiction to consider Plaintiff's present motion. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). The divestiture of jurisdiction includes the jurisdiction to consider Rule 60(b) motions. *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008) ("After an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to grant a Rule 60(b)

1

motion."). But to aid the appellate process, a district court may indicate whether it believes that there should be relief from the judgment because then the case can be remanded for the district court to grant relief. *Id.*

If the Court had jurisdiction, it would deny the motion. A Rule 60(b) motion is properly denied when the movant attempts to relitigate the merits of a claim and the allegations are unsubstantiated. *Miles v. Straub,* 90 F. App'x. 456, 458 (6th Cir. 2004). Here, Plaintiff does not make any new arguments. Because the Court already considered and rejected the merits of Plaintiff's claims, the Court would also deny the present motion if it had jurisdiction.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for relief [8] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 6, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 6, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager